# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

**MATTHEW SEPULVADO**  　　　　　　**DOCKET NO. 5:19-cv-00545**

**VERSUS**  　　　　　　　　　　　　　**JUDGE FOOTE**

**O'REILLY AUTOMOTIVE STORES, INC.   MAGISTRATE JUDGE HORNSBY**

### MEMORANDUM IN SUPPORT OF DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT</u>

> Scott R. Wolf, La. Bar No. 28277
> BLANCHARD, WALKER, O'QUIN & ROBERTS
> (A Professional Law Corporation)
> 333 Texas Street, Suite 700
> P.O. Drawer 1126
> Shreveport, Louisiana 71163-1126
> Telephone: (318) 221-6858
> Telecopier: (318) 227-2967
> E-Mail: <u>swolf@bwor.com</u>
>
> ATTORNEYS FOR DEFENDANT,
> O'REILLY AUTOMOTIVE STORES, INC.

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ..................................................................................... ii

I. INTRODUCTION ............................................................................................. 1

II. SUMMARY JUDGMENT STANDARD ........................................................ 2

III. LEGAL PRINCIPLES TO BE APPLIED ....................................................... 3

IV. UNDISPUTED MATERIAL FACTS .............................................................. 4

V. ARGUMENT ..................................................................................................... 7

    A.    Plaintiff Cannot Establish Claim Under La. R.S. 9:2800.6 ........................ 7

    B.    Res Ipsa Loquitur Does Not Apply ........................................................... 11

IV. CONCLUSION ............................................................................................... 12

CERTIFICATE OF SERVICE ................................................................................. 14

# TABLE OF AUTHORITIES

**STATUTES**

La. R.S. 9:2800.6 .................................................................................................. 3, 4, 7, 8, 13

Fed.R.Civ.P. 56 ................................................................................................................ 2, 3

**JURISPRUDENTIAL AUTHORITIES**

*Allen v. Wal-Mart Stores, Inc.*, 37,352 (La. App. 2 Cir. 6/25/03),
850 So.2d 895 ............................................................................................................. 4, 8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505,
91 L.Ed.2d 202 (1986) ................................................................................................ 2, 3

*Babin v. Winn Dixie Louisiana, Inc.*, 00-0078 (La. 6/30/00), 764 So.2d 37 ....................... 10

*Calderone v. Dorignac's Food Center, Inc.*, 99-3 (La. App. 5 Cir. 4/27/99),
734 So.2d 152 .................................................................................................................. 5

*Campo v. Winn Dixie Louisiana, Inc.*, 02-47 (La. App. 5 Cir. 5/15/02), 821 So.2d 94 ........ 4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) .................. 3

*Finley v. Racetrac Petroleum, Inc.*, 48,923 (La. App. 2 Cir. 4/9/14), 137 So. 3d 193 .......... 7

*Forsyth v. Barr*, 19 F.3d 1527 (5th Cir.1994) ........................................................................ 3

*Howard v. Family Dollar Store #5006*, 40,282 (La. App. 2 Cir. 10/26/05),
914 So.2d 118 .................................................................................................................. 4

*Kennedy v. Wal-Mart Stores, Inc.*, 1998-1939 (La. 4/13/99), 733 So.2d 1188 ..................... 4

*Leger v. Wal-Mart Louisiana, LLC*, 343 Fed.Appx. 953
(5th Cir. 2009) ................................................................................................................. 8

*Linnear v. Centerpoint Energy Entex/Reliant Energy*, 06-3030 (La. 9/5/07),
966 So. 2d 36 ................................................................................................................. 11

*Oster v. Winn Dixie Louisiana, Inc.*, 04-117 (La. App. 5 Cir. 8/31/04), 881 So.2d 1257 ... 10

*Robinson v. Brookshires # 26*, 33,713 (La. App. 2 Cir. 8/25/00), 769 So. 2d 639 ............... 9

*Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08),
    996 So. 2d 476 ...........................................................................................................8

*White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081 ...............................4

MAY IT PLEASE THE COURT:

## I. INTRODUCTION

This claim arises out of an accident which occurred in front of the O'Reilly store on Washington Avenue in Mansfield, Louisiana. In his petition, MATTHEW SEPULVADO ("plaintiff"), contends that he slipped and fell in some oil on the ground outside of the store. Plaintiff alleges that the incident was the fault of defendant, O'REILLY AUTOMOTIVE STORES, INC. ("O'Reilly" or "defendant"), in the following particulars: failing to maintain the parking lot at the O'Reilly Automotive Stores, Inc. in Mansfield, Louisiana in a safe and clean condition; failing to use reasonable care to keep the premises free of hazardous and dangerous conditions; failing to properly inspect the parking lot at their premises; failing to establish proper procedures for inspecting the parking lot which had oil on it; failing to instruct its agents and/or employees to maintain the parking lot in such a manner as to prevent patrons of the store, particularly your petitioner from falling; failing to take precautionary measures to avoid the accident; failing to warn of the dangerous conditions that existed regarding the oil which caused petitioner to fall; failing to post a warning sign in the vicinity of the accident or otherwise give notice of the hazard then and there existing; and, failing to use the care and prudence of a reasonable person under the

1

circumstances then and there existing and under which this type accident was foreseeable.[1]

As set forth more fully hereafter, plaintiff cannot sustain his burden of proof in this case. Louisiana law is clear to the effect that the plaintiff must establish not only the existence of a dangerous condition, such as a substance on the ground, but that the defendant either created the condition or had actual or constructive notice of the condition which caused the damage prior to the occurrence. Plaintiff cannot satisfy this burden. As such, there is no genuine issue of material fact and defendant is entitled to summary judgment, dismissing the plaintiff's claims and demands with prejudice, at his cost.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson,* 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential

---

[1] Plaintiff also alleges claims *respondeat superior* but does not allege that an O'Reilly employee or representative caused plaintiff's accident and has no proof to even support such an allegation. In addition, plaintiff alleges *res ipso loquitor*, but does not allege how such a claim applies and he has produced no evidence to support such a claim.

elements of the nonmoving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has carried its burden under Rule 56(c), the party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s][its] claim[s]." *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson,* 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons,* 746 F.2d 265, 269 (5th Cir.1984).

### III. LEGAL PRINCIPLES TO BE APPLIED

A merchant owes a duty to persons who use its premises to exercise reasonable care to keep his aisles, passageways and floors in a reasonably safe condition. La. R.S. 9:2800.6(A). In a negligence action against a merchant for damages resulting from a slip and fall, the claimant has the burden of proving, in addition to all other elements of her

cause of action, all of the following:

> 1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
>
> 2. The merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence; and
>
> 3. The merchant failed to exercise reasonable care.

*Allen v. Wal-Mart Stores, Inc.*, 37,352 (La. App. 2 Cir. 6/25/03), 850 So.2d 895, 897.

"Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6(C)(1). Louisiana courts will not infer constructive notice without a positive showing by a claimant that the condition existed for some time before the fall such that it would have been discovered by the defendant in the exercise of reasonable care. *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084; *Kennedy v. Wal-Mart Stores, Inc.*, 1998-1939 (La. 4/13/99), 733 So.2d 1188, 1190; *Howard v. Family Dollar Store #5006*, 40,282 (La. App. 2 Cir. 10/26/05), 914 So.2d 118, 121. **The defendant merchant does not have to make a positive showing that the complained of condition did not exist prior to the fall.** *Campo v. Winn Dixie Louisiana, Inc.*, 02-47 (La. App. 5 Cir. 5/15/02), 821 So.2d 94, 99.

The plaintiff's failure to prove any of these factors is fatal to the plaintiff's claim. *Calderone v. Dorignac's Food Center, Inc.*, 99-3 (La. App. 5 Cir. 4/27/99), 734 So.2d 152, 153. In this case, plaintiff cannot establish that O'Reilly either created, or had notice of, the condition of the ground giving rise to his fall.

## IV. UNDISPUTED MATERIAL FACTS

In support of its Motion for Summary Judgment, defendant has submitted a Statement of Uncontested Material Facts ("St."), along with the deposition of plaintiff and Angie Procell. The following material facts are not in dispute and are summarized below.

On August 25, 2018, plaintiff was a patron at the O'Reilly store located on Washington Avenue in Mansfield, Louisiana. (St. ¶ 1). As plaintiff was walking outside the front of the O'Reilly store he slipped and fell in some oil on the ground. (St. ¶ 2).

Plaintiff did not know if anyone from O'Reilly knew the oil was on the ground prior to his fall. (St. ¶ 3). Plaintiff discussed the accident with an O'Reilly employee who mentioned that "Dry Oil" should have been placed on it, but he could not say that this employee knew about the oil being on the ground prior to his accident. (St. ¶ 4).

Plaintiff did not know how long the oil was on the ground prior to his fall and there were no buggy tracks or footprints in it. (St. ¶ 5). Plaintiff did not know how the oil got on the ground. (St. ¶ 6). Plaintiff gave a statement after the accident and said in it that

5

he did not see the oil on the ground prior to the accident. (St. ¶ 7). Plaintiff was shown pictures of the ground taken after the accident and agreed that the pictures reflect how the ground looked after the accident. (St. ¶ 8). There were no O'Reilly employees who witnessed the accident. (St. ¶ 9).

Angie Procell, was with the plaintiff at the O'Reilly store on the date of the accident, but did not actually see the accident as it happened, as she was inside the store at the time. (St. ¶ 10). Plaintiff showed Ms. Procell the oil he had slipped in and she went back into the store to notify the employees. (St. ¶ 11). Ms. Procell stated that one of the O'Reilly employees came outside with her and said they would put "Dry Oil" on the oil on the ground, but that she could not say that this employee was aware of the oil being on the ground prior to the accident. (St. ¶ 12).

Ms. Procell testified that she did not know how long the oil had been on the ground prior to the accident, but that it looked like fresh oil. (St. ¶ 13). Ms. Procell also testified that she did not know how the oil got on the ground and did not know that anyone from O'Reilly knew it was on the ground prior to the accident. (St. ¶ 14). Ms. Procell, did not see the oil on the ground prior to the accident. (St. ¶ 15).

## V. ARGUMENT

### A. *Plaintiff Cannot Establish Claim Under La. R.S. 9:2800.6*

Plaintiff must establish not only the existence of the substance on the ground that caused him to slip, but also that O'Reilly either created the condition or had actual or constructive notice that it existed. Plaintiff cannot carry this burden.

Plaintiff testified that he slipped and fell in some oil on the ground outside the O'Reilly store. Plaintiff has no knowledge as to how long the oil was on the ground prior to his fall, how the oil got on the ground, and he could not say that anyone from O'Reilly knew it was there prior to the accident. There is no evidence that any O'Reilly employee knew the oil was on the ground prior to plaintiff's fall. Plaintiff did not see what was on the ground prior to the accident and cannot say how the ground looked prior to the accident. Given these facts, summary judgment is appropriate because the plaintiff cannot establish that O'Reilly either created the condition on the ground, had actual notice of its existence, or that it was there for such a period of time that O'Reilly should have known about it.

In *Finley v. Racetrac Petroleum, Inc.*, 48,923 (La. App. 2 Cir. 4/9/14), 137 So. 3d 193, 197-99, the Court affirmed the granting of summary judgment on substantially similar facts as in the instant case. In *Finley*, the plaintiff slipped and fell in an oil spot outside the Racetrac store. The plaintiff sued and the defendant moved for summary judgment, arguing that plaintiff could not produce evidence to show that defendant had notice of the

7

oil on the ground prior to the incident. The district court agreed and dismissed the case. The court of appeal affirmed the district court, finding that plaintiff could not prove the temporal element of La. R.S. 9:2800.6, to establish that defendant had constructive notice of the oil being on the ground prior to the accident.

In *Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08), 996 So. 2d 476, the plaintiff slipped and fell in a substance in a restroom at a casino. The casino filed a motion for summary judgment, asserting that the plaintiff could not meet her burden of proof under La. R.S. 9:2800.6(A) because she could not show that the casino had any knowledge of how the substance got on the floor or how long it had been on the floor prior to the time she slipped and fell. *Id.* at 478-79. The district court agreed, granting the motion for summary judgment and dismissing plaintiff's claims. The Second Circuit affirmed, holding that the undisputed facts showed that the plaintiff could not meet her burden of proof, by establishing the constructive notice element.[2]  *Id.*

In *Allen v. Wal-Mart Stores, Inc.*, 37,352 (La. App. 2 Cir. 6/25/03), 850 So. 2d 895, the plaintiff claimed to have slipped and fallen at a Shreveport Wal-Mart. Wal-Mart filed a motion for summary judgment, contending that the plaintiff could not present evidence

---

[2] In addition, in *Leger v. Wal-Mart Louisiana, LLC*, 343 Fed.Appx. 953, 954 (5th Cir. 2009), the Fifth Circuit also dismissed plaintiff's claims because she could cannot present evidence of how long the substance had been on the ground prior to her fall.

8

sufficient to prove the essential elements of her claim; specifically that Wal-Mart had actual or constructive notice of the condition allegedly causing her fall. The Second Circuit observed that the plaintiff offered no evidence of actual notice, and consequently, plaintiff=s case hinged upon her ability to prove constructive notice. The court held that it could not infer constructive notice absent some showing that the condition existed for such time that it should have been discovered in the exercise of reasonable care. *Id.* at 899-900. The plaintiff did not present any evidence that anyone noticed the substance on the floor at any time prior to the accident. Further, the plaintiff presented no evidence personally or from any third-party witnesses to show that the spill was marked with footprints or other tracks as evidence that the spill had been there for a period of time. The court determined that the lack of evidence as to the origin or state of the spill rendered the inference of constructive notice "no more likely than any potential scenario" and, therefore, summary judgment was proper. *Id.* at 899.

In *Robinson v. Brookshires # 26*, 33,713 (La. App. 2 Cir. 8/25/00), 769 So. 2d 639, the plaintiff tripped and fell on a "puckle" in the rug in the produce section of the store. The trial court granted summary judgment in favor of Brookshires, which the Second Circuit Court of Appeal affirmed, because plaintiff could not prove that Brookshires had constructive notice of the condition prior to the accident. The court noted that there was

9

no evidence to suggest that Brookshires either created the condition or had actual notice of its existence. *Id.* at 641. Similar to the case at bar, the plaintiff admitted that she did not see the "puckle" in the rug prior to her fall and that she had no knowledge as to the length of time the condition existed prior to her accident. The court relied upon the language of the Louisiana Supreme Court which makes it clear that the plaintiff's burden is to make a "positive showing" that the condition existed for "some time" prior to the fall in order to prevail. *Babin v. Winn Dixie Louisiana, Inc.*, 00-0078 (La. 6/30/00), 764 So.2d 37, 40; *see also, Oster v. Winn Dixie Louisiana, Inc.*, 04-117 (La. App. 5 Cir. 8/31/04), 881 So.2d 1257, 1261 ("Where a claimant is relying upon constructive notice . . . the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.").

In the instant case, as in *Finley, Rowell, Allen* and *Robinson*, plaintiff has failed to produce and cannot produce factual support sufficient to establish that O'Reilly created the condition, had actual notice of it, or that the condition existed for some period of time prior to the accident to give rise to constructive notice. Plaintiff's claims against defendant should be dismissed.

**B.**     **<u>Res Ipsa Loquitur Does Not Apply</u>**

10

While plaintiff has pled the doctrine of *res ipsa loquitur*, the doctrine now applies only when three specific criteria are met, namely that (1) the injury is of the kind which does not ordinarily occur in the absence of negligence on someone's part; (2) the evidence sufficiently eliminates other more probable causes of the injury, such as the conduct of the plaintiff or of a third person; and (3) the alleged negligence of the defendant must be within the scope of the defendant's duty to the plaintiff. *Linnear v. Centerpoint Energy Entex/Reliant Energy*, 06-3030 (La. 9/5/07), 966 So. 2d 36, 44. Plaintiff provides no proof to show that all three of these criteria are met in this case. Most significantly, plaintiff has provided no evidence to sufficiently eliminate other more probable causes of the accident, namely a third party's conduct in causing plaintiff's injuries in this case. Since plaintiff has not eliminated the possibility that a third party caused or placed the substance on the floor, *res ipsa loquitur* cannot be applied.

In *Linnear*, plaintiff tripped and fell in his yard. In reversing the Court of Appeal, which had wrongly applied *res ipsa loquitur*, the Louisiana Supreme Court clarified what exactly is required to show that *res ipsa loquitur* applies in a case. The Court found that in cases involving only circumstantial evidence, *res ipsa loquitur* may be applicable, if the trial judge sequentially determines that the three criteria for its use are satisfied. *Id.* at 43-44. The Court held that,

> The trial judge determines whether reasonable minds could differ on the presence of all three criteria and if reasonable minds could not conclude that all three criteria are satisfied, then the legal requirements for the use of *res ipsa loquitur* are not met.

*Id.* In examining the *res ipsa loquitur* doctrine in *Linnear*, the Court found that it clearly did not apply. The Court held that,

> *Res ipsa loquitur* must be **sparingly applied** (Emphasis added). *Id.* The *res ipsa loquitur* doctrine applies only "when the circumstances surrounding an accident are so unusual" as to give rise to an inference of negligence.

In the instant case, plaintiff cannot show that all three criteria are met in order for *res ipsa loquitur* to apply. Plaintiff has not submitted and cannot produce any evidence which can sufficiently eliminate other more probable causes of the accident, such as the conduct of a third person. Thus, plaintiff has not eliminated the more probable cause of the accident, that a third person caused plaintiff to fall. As the Louisiana Supreme Court has held, *res ipsa loquitur* must be sparingly applied. Plaintiff's claims under *res ipsa loquitur* are without merit.

## VI. CONCLUSION

In order to prevail on her claim, plaintiff must satisfy each element of La. R.S. 9:2800.6. In particular, the plaintiff must establish that O'Reilly either created or had actual or constructive notice of the condition which caused the damage prior to the

occurrence. Plaintiff cannot satisfy this burden of proof in this case. Plaintiff has been unable to produce and cannot produce evidence that O'Reilly created the condition which existed on the ground or that it had actual or constructive notice of its existence. Plaintiff is unable to satisfy his burden of proof and summary judgment should be granted in favor of the defendants, dismissing the claims and demands of plaintiff, with prejudice, at plaintiff's cost.

Shreveport, Louisiana this 16th day of December, 2019.

**BLANCHARD, WALKER, O'QUIN & ROBERTS**
*(A Professional Law Corporation)*

BY: /s/ Scott R. Wolf
SCOTT R. WOLF, Bar No. 28277

333 Texas Street, Suite 700
Shreveport, LA  71101
Telephone:  (318) 221-6858
Facsimile:  (318) 227-2967

ATTORNEYS FOR DEFENDANT,
O'REILLY AUTOMOTIVE STORES, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Motion for Summary Judgment, Memorandum in Support of Motion for Summary Judgment and Statement of Uncontested Material Facts have this day been served upon the following parties through ECF noticing:

    T. Taylor Townsend, Esq.
    T. TAYLOR TOWNSEND, LLC
    P.O. Box 784
    Natchitoches, LA 71458
    *Attorneys for Plaintiff*

Shreveport, Louisiana, this 16th day of December, 2019.

                                                  /s/ Scott R. Wolf
                                                    OF COUNSEL