UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MATTHEW SEPULVADO | CIVIL ACTION NO. 19-545 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| O'REILLY AUTOMOTIVE STORES, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendant O'Reilly Automotive Stores, Inc.'s ("O'Reilly") motion for summary judgment. Record Document 12. Plaintiff opposed the motion and raised an objection to Defendant's statement of uncontested material facts. Record Document 24. Defendant replied, and the motion is ripe for review. Record Document 25. For the reasons stated herein, Defendant's motion for summary judgment [Record Document 12] is **GRANTED**.

## BACKGROUND

On August 18, 2018, Plaintiff Matthew Sepulvado ("Sepulvado") and his girlfriend, Angie Procell ("Procell"), visited an O'Reilly Automotive store located in Mansfield, Louisiana. After speaking with employee Tiffany Handy ("Handy"), Handy, Procell, and Sepulvado exited the store together to retrieve a part number from Procell's vehicle located in the store parking lot. Record Documents 12-4 at 3 and 24-2 at 6. While outside, Sepulvado slipped and fell on a spot of oil. Record Document 12-4 at 4. Neither Procell nor Handy saw Sepulvado fall,

1

however, because they had reentered the store prior to the incident.[1] Record Documents 12-7 at 4 and 24-2 at 6.

Upon learning that Sepulvado fell, Handy and store manager Charlotte Platt ("Platt") went outside to address the situation. Record Documents 12-7 at 6 and 24-2 at 7. According to Platt, the spill was the "size of a silver dollar" with "no smear or anything in the oil." Record Document 24-2 at 7. According to Procell, there were "smears on the parking lot." Record Document 12-7 at 6. Sepulvado testified that he did not see "buggy tracks or footprints" in the oil. Record Document 12-4 at 5.

Neither Procell nor Sepulvado knew how the oil got on the ground, how long the oil remained on the ground, or whether a store employee knew the oil was on the ground, though Procell could tell that "it was fresh oil." Record Documents 12-4 at 4-5, 12-7 at 7. The store assistant manager, Jamal Walker ("Walker"), had performed the store's required pre-opening parking lot safety inspection that morning and did not see the oil spill. Record Document 24-3 at 15. Walker was unaware of whether the parking lot had been inspected subsequent to his early morning inspection. *Id.* at 15-16. As explained by the district manager, the store's policy is that the parking lot be inspected in the mornings and evenings. Record Document 24-4 at 7-8. Employees are also expected to clean up any oil spills they encounter in the parking lot while helping customers throughout the day. *Id.* at 9-10.

---

[1] Procell's deposition testimony varies from this version of events. She testified that she remained inside the store and that Sepulvado went to the vehicle alone. Record Document 12-7 at 4. Because this is summary judgment, the Court views the facts in the light most favorable to Sepulvado. *Guar. Bank & Tr. Co. v. Agrex, Inc.*, 820 F.3d 790, 794 (5th Cir. 2016). Therefore, the Court will assume that Procell and Handy exited the store with Sepulvado where Handy could have potentially discovered the oil spill prior to Sepulvado's fall. In any event, the parties agree that nobody discovered the oil prior to the fall or witnessed the fall.

Sepulvado filed suit in Louisiana state court alleging that O'Reilly was negligent in maintaining its parking lot in a clean and safe condition. Record Document 1-2 at 5. O'Reilly removed the case to federal court based on diversity jurisdiction. Record Document 1. It then filed the instant motion for summary judgment arguing that Sepulvado has failed to present evidence sufficient to support a negligence claim because Sepulvado cannot prove that O'Reilly created the oil spill or had actual or constructive notice of the condition prior to the incident. Record Document 12-1 at 6.

## LAW AND ANALYSIS

### I. Plaintiff's Evidentiary Objection

In Sepulvado's opposition to O'Reilly's motion for summary judgment and in Sepulvado's statement of contested facts, he objects that O'Reilly's statement of uncontested material facts "is based only upon the personal knowledge of the Plaintiff and his companion, and completely neglects the personal knowledge of any O'Reilly employee, or of any other relevant material, such as O'Reilly policies and procedures." Record Documents 24 at 1 and 24-1 at 1. Sepulvado objects under Federal Rule of Civil Procedure 56(c)(2), which provides that "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." However, Sepulvado has failed to specifically identify any evidence that he believes is inadmissible and has failed to present a reason why any of O'Reilly's evidence is inadmissible. Consequently, Sepulvado's objection is **OVERRULED**.

### II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

3

to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set

forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

### III. Plaintiff's Negligence Claim

Sepulvado sued O'Reilly for negligence under Louisiana Revised Statute 9:2800.6. This statute provides that merchants owe a duty to persons using their premises to "exercise reasonable care to keep [their] aisles, passageways, and floors in a reasonably safe condition." La. R.S. § 9:2800.6(A). "This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.* When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff has the burden of establishing all elements of his negligence claim and, additionally, that:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. § 9:2800.6(B).

In this case, O'Reilly challenges Sepulvado's ability to prove the second element specific to a merchant slip and fall case—that O'Reilly either created or had notice of the oil spill. Record Document 12-1 at 11. Because this is a crucial element of his negligence claim, O'Reilly

5

argues that Sepulvado's claim must therefore be dismissed. *Id.* at 16-17. Sepulvado does not allege that O'Reilly created the dangerous condition and concedes that the evidence does not show that it had actual notice of the oil spill. Record Document 24 at 7-8. He does argue that genuine issues of material fact relevant to whether O'Reilly had constructive notice of the spill remain and make summary judgment inappropriate. Record Document 24 at 9-10. Hence, the Court will focus only on whether Sepulvado has created a genuine issue of material fact regarding whether O'Reilly had constructive notice of the oil spill prior to Sepulvado's fall.

> Constructive notice is statutorily defined to mean that:
>
> [T]he claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. § 9:2800.6(C)(1). "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition" is a fact question, but "there remains the prerequisite showing of some time period." *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084. In other words, a plaintiff must show not only that the condition existed at the time of the incident, but present some positive evidence that the condition existed for some period of time before the fall as well. *Id.* This showing need not be "specific in minutes or hours." *Id.* However, "[i]t is insufficient for a plaintiff to rely on '[m]ere speculation or suggestion.'" *Peterson v. Brookshire Grocery Co.*, 751 F. App'x 533, 536 (5th Cir. 2018) (quoting *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007)). "The statute 'places a heavy burden of proof on plaintiffs' in slip and fall cases." *McDowell v. Wal-Mart Stores, Inc.*, 811 F. App'x 881, 883 (5th Cir. 2020) (quoting *Bagley*, 492 F.3d at 330).

Viewing the facts in the light most favorable to Sepulvado, the evidence is that the store parking lot was inspected prior to opening and the oil was not seen. Hours later, Sepulvado and Procell entered a busy O'Reilly store, spoke with a store employee, and exited the store with that employee to retrieve a part number from Procell's vehicle. While outside, Sepulvado fell in a small amount of oil in the parking lot. Neither Sepulvado, Procell, or any store employee saw the oil before the fall. Sepulvado saw no footprints or track marks in the oil, and the oil appeared "fresh" to Procell.

The Court finds *Peterson v. Brookshire Grocery Company* to be instructive in this matter. In *Peterson*, a shopper fell on a clear liquid in the aisle of a grocery store and the Fifth Circuit was tasked with determining whether she had presented evidence that the substance "existed *for some period of time prior to her fall.*" *Peterson*, 751 F. App'x at 536 (emphasis in original). Peterson's evidence consisted of testimony that she did not see the substance on the floor prior to falling, despite walking past the area twice; testimony that she did not know the source of the substance or how long it had been there; a photograph showing that the "substance was clear and had no distinctive marks, such as grocery cart tracks, footprints, or dirt or debris" which would "suggest that the liquid had existed for some period of time prior to her fall"; testimony from a store manager that employees are trained to continuously monitor the floor for liquids; and testimony that the manager was "within feet" of where the fall occurred but did not see the substance. *Id.* Peterson failed to present testimony of any witness who saw the liquid prior to her fall. *Id.* at 536-37. Reviewing this, the court concluded that Peterson had failed to present evidence which rose above speculation as to how long the substance was on the floor. *Id.* at

538. Thus, she had failed to carry her burden of showing that the store had constructive notice. *Id.*

The result must be the same for Sepulvado. Like in *Peterson*, he has presented no witness testimony or video to establish how long the oil was in the parking lot. He has presented no evidence demonstrating that the oil had marks or other characteristics to suggest that it had been on the ground for some period of time. He did present evidence through deposition testimony that a store employee, Handy, was in the vicinity of the oil prior to his fall without noticing the oil. However, like in *Peterson*, Sepulvado has presented no evidence suggesting that Handy failed to exercise reasonable care by not seeing a small oil spot in a parking lot while helping customers. The Court thus concludes that Sepulvado has failed to present positive evidence that the oil spill existed for some period of time prior to the incident and instead attempts to create a factual dispute by asking the Court to make inferences from a lack of evidence, which is not sufficient. *McDowell*, 811 F. App'x at 885 (citing *Oster v. Winn-Dixie La., Inc.*, 04-117 (La. App. 5 Cir. 8/31/04); 881 So. 2d 1257, 1261).

Finally, Sepulvado's argument regarding O'Reilly's alleged failure to adequately inspect its parking lot for spills is unavailing because in the absence of evidence regarding how long a substance causing a fall was on the ground, "whether [the merchant] conducted sufficient inspections or used reasonable care in maintaining the store is simply not relevant to the issue of constructive notice, i.e., whether the hazardous condition had existed long enough that it would have been discovered if [the merchant] had exercised reasonable care." *Derousselle v. Wal-Mart La, L.L.C.*, 701 F. App'x 349, 351 (5th Cir. 2017) (quoting *Martin v. Kroger Co.*, 273 F.3d 1099, 2001 WL 1070538, *3 (5th Cir. 2001) (unpublished)). Because Sepulvado has failed to

8

carry his burden of establishing that O'Reilly had constructive notice of the spill, his negligence claim is **DISMISSED with prejudice**.

### IV. <u>Plaintiff's Other Theories of Liability</u>

Sepulvado's complaint also states that his claims are based on the doctrines of resopndeat respondeat superior and res ipsa loquitur. Record Document 1-2 at 4-5. O'Reilly argues that Sepulvado has failed to support his theory for respondeat superior because he does not allege or identify facts to support a theory that his fall was caused by an O'Reilly employee. Record Document 12-1 at 6. O'Reilly further argues that Sepulvado has failed to provide any evidence to support the application of res ipsa loquitur. *Id.* at 15-16. Sepulvado's opposition does not refute either of O'Reilly's arguments. Record Document 24. Because the Court agrees that Sepulvado has failed to present evidence to support a claim based on either theory, these claims are **DISMISSED with prejudice**.

### CONCLUSION

For the aforementioned reasons, Defendant's motion for summary judgment [Record Document 12] is **GRANTED**. Plaintiff's claims are **DISMISSED with prejudice**. A judgment consistent with this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** this 15th day of October, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE